UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JESSE JOSEPH TULLIER

VERSUS

NANCY A. BERRYHILL,
COMMISSIONER OF
SOCIAL SECURITY

CIVIL ACTION

NO. 18-511-EWD (CONSENT)

## NOTICE AND ORDER

Plaintiff, Jesse Joseph Tullier ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability insurance benefits ("DIB").[1] Plaintiff has filed a Memorandum in Support of Appeal[2] and the Commissioner has filed an Opposition Memorandum.[3]

In the June 5, 2017 unfavorable decision of the Administrative Law Judge ("ALJ"), Plaintiff's alleged disability onset date is stated to be October 1, 2013.[4] Likewise, Plaintiff's Memorandum in Support of Appeal asserts that Plaintiff's "applied for disability insurance benefits on July 7, 2015, based on an alleged onset date of October 1, 2013."[5] However, Plaintiff's Application Summary for Disability Insurance Benefits reflects the alleged disability onset date as

---

[1] The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c), R. Doc. 7, and on November 27, 2018, an Order of Reference was issued referring this matter "for the conduct of all further proceedings and the entry of judgment…." R. Doc. 12.

[2] R. Doc. 11.

[3] R. Doc. 14.

[4] AR p. 15. References to documents filed in this case are designated by "(R. Doc. [docket entry number(s)] p. [page number(s)]." References to the record of administrative proceedings filed in this case are designated by "(AR [page number(s)]."

[5] R. Doc. 11, p. 1. A Disability Determination Explanation form also references October 1, 2013 as the alleged onset date. AR p. 67.

1

July 6, 2015.[6] There is no indication in the administrative record that the alleged disability onset date was subsequently amended to October 1, 2013.[7] Accordingly, it appears that the ALJ's June 5, 2017 decision was based on the incorrect premise that Plaintiff alleged he was disabled twenty-one months prior to Plaintiff's actual alleged disability onset date.

An error in the alleged onset date of disability "is not itself a basis for remand unless the claimant can show that it caused [claimant] prejudice."[8] Although neither party's briefing addresses whether the error in alleged onset date was prejudicial, the Court is concerned that reliance on medical records evidencing Plaintiff's condition prior to the actual alleged onset date may have affected the weight assigned to the opinions of Plaintiff's treating physicians and the evaluation of Plaintiff's residual functional capacity.[9] Where utilization of a "grossly incorrect

---

[6] AR p. 156.

[7] The Commissioner recognizes but does not provide any explanation regarding the discrepancy. R. Doc. 14, p. 2, n. 2 ("October 1, 2013 is the date referenced by the ALJ as the alleged onset date of the plaintiff. However, the transcript reflects that the actual alleged onset date was July 6, 2015.").

[8] *Daurham v. Berryhill*, No. 16 C 10302, 2018 WL 2717999, at * 4 (N.D. Ill. June 6, 2018) (explaining that "it appears that an error in the alleged onset of disability is not itself a basis for remand unless the claimant can show that it caused her prejudice" and finding plaintiff had shown the requisite prejudice). *See also*, *Wallace v. Colvin*, No. 2:11-0100, 2014 WL 2117500, at * 10 (M.D. Tenn. May 21, 2014) (agreeing that the ALJ used the wrong alleged onset date in his decision but finding such error to be harmless based on lack of a showing of prejudice to claimant) (citing *Ehrob v. Comm'r of Soc. Sec.*, Civil No. 09-13732, 2011 WL 977514, at *6 (E.D. Mich. March 17, 2011)). *Jackson v. Comm'r of Soc. Sec.*, No. 3:11-cv-358, 2012 WL 5497778, at *4–5 (S.D. Ohio Nov.13, 2012) *report and recommendation adopted*, 2012 WL 6015889 (finding harmless error where ALJ failed to use amended alleged onset date in decision).

[9] Medical records evidence that Plaintiff underwent a cervical disc fusion on October 2, 2013 and left carpal tunnel release on January 14, 2014. *See*, AR pp. 390 & 280. Following these procedures, it appears that Plaintiff experienced improvement. *See*, AR pp. 380-384 (Dr. Scrantz October 23, 2013 office visit note indicating, *inter alia*, neck pain is better, occasional headaches, no arm pain); pp. 436-440 (Dr. Callerame December 27, 2013 note reflecting neck and headache much better); AR p. 378 (Dr. Scrantz January 3, 2014 note reporting "neck pain is better," "no arm pain, improved," and "feeling good"); AR pp. 354-357 (Dr. Scrantz April 28, 2014 note indicting improvement "approx.. >70% improved from ACDF. Approx. > 80% improved from CTR. Doing light duty, will stay on that duty."); AR 497 (Dr. Burdine June 16, 2015 note indicating "Patient remains functional and pain is controlled," "His neck and back are doing much better," and "He continues to do well. He's not having any problems side effects or complications."). The only treatment record from an alleged treating physician post-dating the July 6, 2015 alleged disability onset date is a March 23, 2016 note from Dr. Burdine wherein Plaintiff reported "worsening" of pain. AR pp. 558-561. Per the March 23, 2016 note, Dr. Burdine stated "I've explained to the patient that his annular tears will never heal and he is never going to be able to do any bending and lifting prolonged sitting and he'll probably always need something for pain. He is deconditioned and has very little exercise tolerance at this time. At this point I consider the patient disabled because of the myelomalacia of the cervical spine and the annular tears in the lumbar spine. He would like to do something but I just don't think that he is physically able to especially given the fact that he has

onset date" by an ALJ taints consideration of a Plaintiff's disability claim, remand may be appropriate.[10]

**IT IS HEREBY ORDERED** that within twenty-one (21) days of this Notice and Order, each party shall separately file a Supplemental Memorandum, limited to five (5) pages each, addressing: (1) which date (October 1, 2013 or July 6, 2015) should be considered the alleged disability onset date; and (2) in the event the ALJ's June 5, 2017 Decision applied the wrong alleged onset date, whether the error was prejudicial. Alternatively, in the event the parties agree that prejudicial error occurred with respect to the ALJ's use of October 1, 2013 as the alleged disability onset date, the parties shall file a Joint Motion to Remand within twenty-one (21) days of this Notice and Order.

Signed in Baton Rouge, Louisiana, on June 20, 2019.

                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

chronic pain and he now has concentration problems and depression problems associated with this. It is my opinion that he should apply for disability." AR p. 561. Dr. Burdine also states in the March 23, 2016 note that Plaintiff's "current symptoms are exaggerated with hypertension and are suspicious for the presence of facet-related disease." AR p. 560. The ALJ's June 5, 2017 Decision seems to misread this portion of Dr. Burdine's note. *See*, AR p. 25 ("The claimant's treating pain management doctor also noted in March 2016 that the claimant's current symptoms were 'exaggerated.'"); p. 27 (same).

[10] *See*, *Hinchey v. Barnhart*, Civil Action No. 5:06cv00047, 2007 WL 1047065, at * 6 (W.D. Va. April 5, 2007) ("By his utilization of a grossly incorrect onset date throughout the decisional analysis, the ALJ in this case simply failed fully and fairly to consider the plaintiff's claim. This error tainted his consideration of her claim at its most fundamental level and requires that the final decision of the Commissioner be vacated and remanded for administrative reconsideration.").